**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

File No. 08-2607

Winthrop Resources Corporation,

Plaintiff - Appellee,

v.

Sabert Corporation; Sabert Holding Corporation,

Defendants - Appellants.

**APPELANTS' STATEMENT OF ISSUES PER FED. R. APP. P. 10(b)(3)(A)**

---

Pursuant to Fed R. App. P. 10(b)(3)(A), Appellants make the following statement of issues that Appellants intend to present on appeal:

1. Whether the district court erred in holding that the documents making up the parties' agreement were unambiguous.

2. Whether the district court erred in granting summary judgment in plaintiff's favor with respect to plaintiff's claims, defendants' counterclaims and defendants' affirmative defenses, including those of misrepresentation, mistake, and equitable estoppel.

3. Whether the district court erred in granting summary judgment in plaintiff's favor with respect to plaintiff's claims, defendants' counterclaims and defendants' affirmative defenses by making a series of findings as to genuinely disputed factual issues, thereby depriving defendants of their right to have a jury decide the facts governing these claims and defenses, including the court's decisions, as a matter of law, that (i) plaintiff did not fraudulently induce defendants to enter into the parties'

agreement and trick defendants into paying an extra $126,366, and (ii) the commencement date for the 42-month period for all of the subject equipment was December 1, 2003, notwithstanding the following evidence:

- the parties' agreement allowed for more than one lease schedule, each with its own term and commencement date;
- there were two separate lease schedules (001 and 001R);
- over 98% of the subject equipment was installed in June 2003 resulting in a commencement date of July 1, 2003;
- in June of 2003, plaintiff represented to defendants that the commencement date for such equipment was July 1, 2003;
- plaintiff's internal documents reflect a commencement date of July 1, 2003;
- over the next several months plaintiff urged defendants to finance a small amount of additional equipment under the false pretense that defendants should "use up the credit line" (rather than the reason plaintiff now gives – that defendants allegedly had not met the $155,000 "hardware" threshold);
- plaintiff never informed defendants that plaintiff had not "commenced" the 42-month lease term on July 1, 2003, despite the fact that defendants had provided documentation showing their hardware costs exceeded the $155,000 contractual threshold; plaintiff accepted without objection defendants' documentation showing defendant's hardware costs in excess of $155,000;
- plaintiff maintained its silence (until filing a summary judgment motion in this case) about its alleged belief (and justification for urging defendants to finance additional equipment) that defendants had failed to meet the $155,000 cost threshold;
- plaintiff failed to inform defendants that their payments from July to November 2003 were not being counted toward the agreed-to 42-month term;
- in order to induce defendants to sign it, plaintiff misrepresented that the sole purpose and effect of Schedule 001R (executed in November 2003) was to make a minor adjustment to the monthly lease charge amount, not re-set the commencement date for the $992,274.24 of equipment installed five months earlier (and thereby cause defendants to make 5 additional payments exceeding $125,000);
- plaintiff's interpretation of the effect of the November loan for $13,561 and Schedule 001R (causing defendants to make the 5 additional payments) is absurd on its face;
- plaintiff's sales representative admitted that plaintiff's business model is "deceptive" and that he was "apt to maybe skew some things" in carrying out that sales model; and,



Appellate Case: 08-2607 Page: 2 Date Filed: 08/05/2008 Entry ID: 3458315

- at all relevant times, plaintiff had an ulterior motive in emphasizing that it would loan money to defendants at 3.7% interest.

4. Whether the court erred in holding that defendants could not have reasonably or justifiably relied on plaintiff's misrepresentations, including plaintiff's misrepresentation of the purpose and effect of Schedule 001R, by misapplying the law of misrepresentation/fraud.

5. Whether the court erred in granting plaintiff's motion for summary judgment by excluding evidence of misrepresentation, and by misapplying the parol evidence rule.

6. Whether the court erred in denying defendants' motion to file an amended answer and counterclaim and to amend the pretrial order to permit the same.

7. Whether the court erred in failing to hold that plaintiff waived, or is estopped from asserting, the right to claim as a justification for not commencing the lease on July 1, 2003, that defendants failed to meet the $155,000 hardware threshold.

8. Whether the court erred in failing to hold that defendants are entitled to the remedy of cancellation or reformation in the event that the jury renders a verdict in defendants' favor with respect to defendants affirmative defenses and counterclaims.



Appellate Case: 08-2607 Page: 3 Date Filed: 08/05/2008 Entry ID: 3458315

Dated: August 5, 2008

s/ Sarah C.S. McLaren
Matthew T. Boos (MN #237310)
James L. Baillie (MN # 3980)
Sarah C.S. McLaren (MN # 345878)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
mboos@fredlaw.com
jbaillie@fredlaw.com
smclaren@fredlaw.com

ATTORNEYS FOR APPELLANTS SABERT CORPORATION AND SABERT HOLDING CORPORATION



Appellate Case: 08-2607 Page: 4 Date Filed: 08/05/2008 Entry ID: 3458315

## CERTIFICATE OF SERVICE

I hereby certify that on ____08/05/2008____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Sarah C.S. McLaren

4409837_1.DOC



Appellate Case: 08-2607 Page: 5 Date Filed: 08/05/2008 Entry ID: 3458315